NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUSCH LLC.

            Plaintiff,

  v.

PAUSCH MEDICAL GMBH,

            Defendant.

Civ. No. 14-3073

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon the Motion to Dismiss of Defendant Pausch Medical GmbH ("Defendant") (Doc. No. 9). Plaintiff Pausch LLC ("Plaintiff") opposes. (Doc. No. 11). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion will be granted in part and Plaintiff's Complaint will be dismissed without prejudice.

## BACKGROUND

Plaintiff, a Delaware company with its business address in Tinton Falls, New Jersey, filed a Complaint against Defendant, a German medical equipment manufacturer, on May 14, 2014, alleging breach of contract and violation of the New Jersey Franchise Practices Act. (Doc. 1, Compl., at ¶¶ 1-2, 5-7, 8-16). Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

**<u>LEGAL STANDARD</u>**

A party may move to dismiss a complaint for lack of personal jurisdiction over that party under Federal Rule of Civil Procedure 12(b)(2).  A court may either exercise personal jurisdiction over a party through general jurisdiction or specific jurisdiction.  *Remnick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).  If a court has general jurisdiction over a party, it may "hear any and all claims against [that party] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations v. Brown*, 131 S.Ct. 2846, (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).  Specific jurisdiction, by contrast, is claim specific and "is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum."  *Remnick*, 238 F.3d at 255 (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 141, 151 (3d Cir. 1996).

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff then bears the burden of establishing that the court does have personal jurisdiction over the defendant, at minimum for the specific claim in dispute.  *See Miller Yacht Salves, Inc. v. Smith*, 384 F.3d 93, 97.  The plaintiff can meet its burden by either presenting its case for personal jurisdiction in an evidentiary hearing or by pointing out facts and allegations in the complaint that, if taken as true, would establish that the court has jurisdiction over the defendant.  *See id*.  The Third Circuit Court of Appeals has explained the mechanics of a 12(b)(2) motion as such:

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies.  Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  *See International Ass'n of Machinists & Aerospace*

*Workers v. Northwest Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982).  Once the motion is made, the plaintiff must respond with actual proofs, not mere allegations. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

## ANALYSIS

It is clear that Plaintiff has not met the burden of proof for demonstrating that the Court has personal jurisdiction over Defendant on the issues in this case.  Plaintiff only makes three allegations regarding jurisdiction: (1) that it is a Delaware company with its business address is in New Jersey; (2) that Defendant is a German company with its principal place of business in Germany; and (3) that this Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because Plaintiff is a New Jersey citizen, Defendant is a citizen of a foreign state, and the amount in controversy is over $75,000.  (Doc. No. 1, Compl., at ¶¶ 1-3).  While 28 U.S.C. § 1332(a)(2) would provide jurisdiction in federal court if there were personal jurisdiction, this statute alone does not provide personal jurisdiction over this Defendant.  *See Miller Yacht Sales, Inc.*, 384 F.3d at 96.  Plaintiff has offered no allegations regarding how Defendant has purposefully directed its activities at residents of New Jersey or how Plaintiff's injuries relate to those activities.  *Id*.  The mere fact that Defendant has admitted that the District of New Jersey has personal jurisdiction over it in another case, as Plaintiff points out (Doc. No. 11, Pl.'s Opp'n, at 7), does not mean that this Court has personal jurisdiction over Defendant in this case, as specific jurisdiction[1] is claim specific.  *Remnick*, 238 F.3d at 255.

Accordingly, Plaintiff has failed to meets its burden of proving personal jurisdiction in the face of Defendant's Rule 12(b)(2) Motion.  Though the Court must grant Defendant's Motion and dismiss Plaintiff's Complaint, it will do so without prejudice so that Plaintiff may file an

---

[1] If this Court has jurisdiction over this matter, it appears that it is under specific jurisdiction, not general jurisdiction, as Defendant is a German company with its principal place of business in Germany.

amended complaint.  The Court will decline, at this time, to allow Plaintiff to conduct jurisdictional discovery, but that request may be made subsequent to the filing of an amended complaint if necessary.  Because Plaintiff's Complaint is being dismissed for lack of personal jurisdiction, the Court offers no opinion at this time as to Defendant's arguments made pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss will be granted and Plaintiff's Complaint will be dismissed without prejudice.  An appropriate order will follow.


                                                */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.